UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:  
Andrew Borden

(Debtor)

CASE NO.: 09-29392

JUDGE: _____

CHAPTER: 13

# CHAPTER 13 PLAN AND MOTIONS

✓ Original     ____ Modified/Notice Required     ____ Modified/No Notice Required

☑ Discharge Sought  
☐ No Discharge Sought

Date: 07/23/2009

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. It contains an important supplement to section 3 regarding secured claims, requiring supporting information concerning proofs of claim and setting forth disclosure and adjudication requirements for postpetition mortgage charges. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

1. **PAYMENT AND LENGTH OF PLAN**
   a. The Debtor shall pay $ 150.00 per month to the Chapter 13 Trustee, starting on August 23, 2009 for approximately 60 months.

   b. The Debtor shall make plan payments to the Trustee from the following sources:

   ✓     Future Earnings

   ____  Other sources of funding (describe source, amount and date when funds are available):

   ____  Sale or refinance of the following assets on or before _____.

09-29392

    c. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    d. Adequate protection payments will be made in the amount of $_____ to be paid directly by the Debtor(s) outside of the Plan, pre-confirmation to:

_____ [creditor].

2. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
|  |  |  |

3. **SECURED CLAIMS**

> **Please see the Supplement to this section containing information regarding secured claims. It is located at the end of the Plan.**

    a. **Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | Mortgage | 0 |  | 0 | $3013.00 |
| Capital One Auto Finance | Car Loan | 0 |  | 0 | $252.00 |

    b. **Modification**

    1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

09-29392

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| US Bank Home Mortgage | Real Property | $197,260 | $309,000 | 309,815.00 | 0 | | pro rata unsecured |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

c. **Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

d. **Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

Wells Fargo Home Mortgage
Capital One Auto Finance

e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

4. **UNSECURED CLAIMS**  09-29392

    a. **Not separately classified** Allowed non-priority unsecured claims shall be paid:

        \_\_\_\_\_ Not less than $_____ to be distributed *pro rata*

        \_\_\_\_\_ Not less than _____ percent

        ✓ Pro rata distribution from any remaining funds

    b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed:**

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| Andrew Borden | Rental Lease | Assumed |

6. **MOTIONS**

> **NOTE:  All plans including motions must be served separately in accordance with D.N.J. LBR 3015-1.  Proof of Service of compliance with this requirement must be filed with the Clerk of Court.**
>
> **Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation.  The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a).  The creditor shall file a proof of service prior to the scheduled confirmation hearing.  In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion.  Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**  The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| US Bank Home Mortgage | Real Property | 2nd Mortgage | $197,260 | 309,000 | 0 | $309,815 | $197,260 |

b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.**  The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

09-29392

7. OTHER PLAN PROVISIONS

   a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

   ✓ Upon Confirmation

   \_\_\_\_\_ Upon Discharge

   b. **Payment Notices** Creditors and Lessors provided for in Sections 3, 5 or 6 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

   c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

   1) Trustee Commissions
   2) Attorney Fees
   3) Unsecured Debt
   4) _____

   d. **Post-petition claims** The Trustee is ❏, is not ❏ authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.


Date   7/23/2009                              /s/ Shmuel Klein
                                              Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.


Date   7/23/2009                              /s/ Andrew Borden
                                              Debtor


Date  _____                  _____
                                              Joint Debtor

09-29392

# SUPPLEMENT TO CHAPTER 13 PLAN & MOTIONS

## 3. SECURED CLAIMS.

1. **Proof of Claim, Supporting Information, Additional Statements**

    (**a**) **Itemized Statement of Interest Fees and Expenses.** If, in addition to its principal amount, a claim includes interest, fees, expenses or other charges incurred prior to the date of the petition, an itemization of the interest, fees, expenses, or charges shall be filed with the proof of claim. The claim may also include charges pursuant to D.N.J. LBR 2016-1(j)(3).

    (**b**) **Statement of Cure Amount**. If a security interest is claimed in property of the debtor, the proof of claim shall include a statement of the amount necessary to cure any default as of the date of the petition and any charges pursuant to D.N.J. LBR 2016-1(j)(3).

    (**c**) **Escrow Account**. If a security interest is claimed in property that is the debtor's principal residence and an escrow account has been established in connection with the claim, the proof of claim shall be accompanied by an escrow account statement prepared as of the date of the filing of the petition, in a form consistent with applicable nonbankruptcy law.

    (**d**) **Failure to Provide Supporting Information**. If the holder of a claim fails to provide the information required in subdivisions (a), (b) and (c) above, the holder is precluded from presenting that information, in any form, as evidence in any hearing or submission in this case, or otherwise, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, after notice and hearing, may award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

2. **Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**

    (**a**) **Notice of Payment Changes.** If a claim provided for under the debtor's plan is secured by a security interest in the debtor's principal residence, the holder of such claim shall file and serve on the debtor, debtor's counsel, and the Trustee notice of any change in the payment amount, including changes that result from interest rate and escrow account adjustments, at least 30 days before a payment at a new amount is due. If a creditor has a claim that is secured by real property and is based on an open-ended credit agreement, such as a home equity line of credit (heloc) or other loan type that may have frequent interest or payment adjustments that makes compliance with the notice of payment change impracticable or burdensome, the secured creditor shall provide notice of the loan type with its proof of claim Upon filing of said notice the claimant's compliance with the notice of payment change requirements is vacated for the duration of the case.

09-29392

(**b**) **Form and Content.** The Local Form designated as *Notice of Payment Change* may be filed and served.

**(c) Notice of Fees, Expenses and Charges.** If a claim provided for under the debtor's plan is secured by a security interest in the debtor's principal residence, the holder of such claim shall file and serve on the debtor, debtor's counsel, and the Trustee a notice containing an itemization of all fees, expenses, or charges, except charges approved and ordered by the court, incurred in connection with the claim after the filing of the bankruptcy case that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be filed and sent within 180 days after the date when such fees, expenses, or charges are incurred. On objection of the debtor or Trustee filed no later than 180 days after service of the notice given pursuant to this subdivision, after notice and hearing, the court shall determine whether such fees, expenses, or charges are required by the underlying agreement and applicable nonbankruptcy law for the curing of the default or the maintenance of payments in accordance with § 1322(b)(5) of the Code. The Local Form designated as *Notice of Fees, Expenses and Charges* shall be filed and served.

**(d) Response to Notice of Fees, Expenses and Charges.** If the debtor does not object to the Notice of Fees, Expenses and Charges, or if the debtor's objection is overruled, the debtor shall either 1) pay all post petition amounts included in the Notice of Fees, Expenses and Charges; 2) enter into an agreed order allowing the claim (to be paid by the Trustee); or 3) take no action and the amounts claimed shall be deemed allowed, but will not be paid by the Trustee nor be discharged upon closure or conversion of the case.

**(e) Application of Payments**. The holder of a claim secured by a security interest in the debtor's principal residence shall apply payments from the Trustee to arrears being cured and payments from the debtor to maintain post-petition monthly payments.

**(f) Notice of Final Cure Payment.** Within 45 days of making the final payment of any cure amount made on a claim secured by a security interest in the debtor's principal residence, the Trustee in a chapter 13 case shall file and serve upon the holder of the claim, the debtor, and debtor's counsel a notice stating that the amount required to cure the default and/or approved post petition payments due to be paid through the chapter 13 plan has been paid in full.

**(g) Response to Notice of Final Cure Payment.** Within 60 days of the date of the notice of final cure payment given pursuant to subdivision (f) above, the holder of a claim secured by a security interest in the debtor's principal residence shall file and serve a statement indicating (1) whether it agrees that the debtor has paid in full the amount required by the underlying agreement and applicable nonbankruptcy law

09-29392

for the curing of the default and (2) whether, consistent with § 1322(b)(5) of the Code the debtor is otherwise current on all payments.  If applicable, the statement shall contain an itemization of any required cure or postpetition amounts that the holder contends remain unpaid in connection with the security interest as of the date of the statement.

**(h) Objection and Hearing.**  On objection of the debtor or Trustee filed no later than 21 days after the date of the statement given pursuant to subdivision (g) above, after notice and hearing, the court shall determine if the debtor has cured the default and paid in full all postpetition amounts required by the underlying agreement and applicable nonbankruptcy law in connection with the security interest.

**(i) Order Deeming Mortgage Current.**  If the holder of the secured claim fails to respond to the Trustee's Notice of Final Cure Payment given pursuant to subdivision (f) above, the debtor may submit and serve an order deeming the mortgage current.  All parties served with such an order shall have 5 days to file and serve an objection.  A hearing may be conducted on the objection in the Court's discretion.

**(j) Failure to Notify.**  In addition to the relief accorded pursuant to subdivision (i) above, if the holder of a claim secured by a security interest in the debtor's principal residence fails to provide information required by subdivision (a), (c), or (g) above, the holder is precluded from presenting or relying on that information, in any form, as evidence in any hearing or submission in this case, or otherwise, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court after notice and hearing, may award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

*Revised.7/1/09.jml*

# CERTIFICATE OF NOTICE

```
District/off: 0312-2          User: lchapman              Page 1 of 1            Date Rcvd: Jul 29, 2009
Case: 09-29392                Form ID: pdf901             Total Noticed: 11

The following entities were noticed by first class mail on Jul 31, 2009.
db           +Andrew C Borden,    271 Palisades Ave,    Jersey City, NJ 07307-1820
smg           U.S. Attorney,    970 Broad St.,   Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +United States Trustee,    Office of the United States Trustee,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
509882023     American Express,    PO Box9815370 B,    El Paso, TX 79998
509882024    +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
509882025     Capital One Auto Finance,    POB 260848,    Plano, TX 75026-0848
509882026    +Chase,    800 Brooksedge Blvd,    Westerville, OH 43081-2822
509882027    +Citicards MC VISA,    Po Box 6241,    Sioux Falls, SD 57117-6241
509882028    +Fidelity Investment,    P.O. Box 770001,    Cincinnati, OH 45277-0001
509882029    +US Bank Home Mortgage,    PO BOX 20005,    Owensboro, KY 42304-0005
509882030    +Wells Fargo Home Mortgage,    PO Box 14411,    Des Moines, IA 50306-3411

The following entities were noticed by electronic transmission.
NONE.                                                                                               TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jul 31, 2009**            **Signature:**    _Joseph Speetjens_