Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | Return Date: January 5, 2010 |
| ---------------------------------------------------x | Chapter 13 |
| In Re<br>Andrew Borden | Case No. 09-29392 |
|       Debtor | |
| ---------------------------------------------------x | |

# NOTICE OF MOTION FOR SANCTIONS

**TO ALL PARTIES:**

   **PLEASE TAKE NOTICE** that, a motion pursuant to Bankruptcy Code 362 will be made as set forth below:

| | |
|---|---|
| JUDGE: | Hon. Rosemary Gambardella |
| RETURN DATE AND TIME: | January 5, 2010 10 am |
| PLACE: | U.S. Bankruptcy Court<br>50 Walnut St.<br>Newark, NJ 07102 |
| RELIEF REQUESTED | Judgment imposing sanctions and attorney fees against American Express and Anthony Migliaccio Esq. |
| BASIS FOR RELIEF REQUESTED: | Bankruptcy Code §362 |

DATED: December 10, 2009
    Mahwah, NJ                                            _____/s/__ Shmuel Klein _____
                                                                            Shmuel Klein

**CERTIFICATE OF SERVICE**

    I, Shmuel Klein, an attorney admitted to practice in this court affirm under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I am associated with the Law Office of Shmuel Klein located at 113 Cedarhill Ave., Mahwah, NJ 07430 and I served the within Notice of Motion, Affirmations and Memorandum of Law on December 10, 2009, by depositing a true copy thereof in an post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New Jersey, to:

Anthony J. Migliaccio Jr., Esq.
American Express Legal
500 North Franklin Turnpike
PO Box 278
Ramsey, NJ 07446

Marie-Ann Greenberg
Chapter 13 Standing Trustee
30 Two Bridges Rd
Suite 330
Fairfield, NJ 07004

                                                                   _____/s/__ Shmuel Klein
                                                                        Shmuel Klein

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | Return Date: January 5, 2010 |
| ------------------------------------------------x | Chapter 13 |
| In Re<br>Andrew Borden | Case No. 09-29392 |
|        Debtor | |
| ------------------------------------------------x | |

## CERTIFICATION IN SUPPORT OF MOTION FOR WILLFUL VIOLATION

Andrew Borden, the debtor by and through the Law Office of Shmuel Klein, PC, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1. This affirmation is in support of my motion for sanctions and for violation of §362 of the Bankruptcy Code. My bankruptcy Chapter 13 case was filed on July 27, 2009 with all schedules, statement of affairs and especially listing American Express.

2. This Court sent to American Express a Notice of Commencement informing them of the bankruptcy filing. See Exhibit "A" annexed hereto and made part hereof.

3. On November 19, 2009, via certified mail to the debtor's parent's address which I have not lived at for 25 years the attached summons was served see Exhibit "B" annexed hereto and made part hereof. They sent this bill notwithstanding actual notice of his Bankruptcy

4. My father after reciving the summons called and spoke with Peter Fischito and informed him that I did not live at this residence and I had filed bankruptcy.

5. There is no question that these violations are willful. They had ACTUAL knowledge of his filing and refused to abide by the directive. I am very upset because of their treatment towards me and this Honorable Court.

WHEREFORE, debtor respectfully demands that the Court find American Express and Anthony Migliaccio, in willful violation of the automatic stay, enforce the automatic stay, and enter

judgment in the amount of $5,000.00 plus costs and attorney fees in the amount of $3,000.00 and for such other relief as the Court deems just and equitable.

Dated: December 10, 2009
    Mahwah, NJ

                                                                  /s/__ Andrew Borden
                                                                   Andrew Borden

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES BANKRUPTCY COURT    Return Date: January 5, 2010
DISTRICT OF NEW JERSEY
-------------------------------------------------x    Chapter 13
In Re
Andrew Borden    Case No. 09-29392
        Debtor
-------------------------------------------------x

## BRIEF IN FURTHER SUPPORT OF MOTION FOR SANCTIONS

COMES NOW SHMUEL KLEIN, attorney for the Debtor, and submits this brief in further support of the motion for sanctions as follows:

      Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as 'one of the **fundamental debtor protections** provided by the bankruptcy laws. "Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 505, 88 L. Ed. 2d 859, 106 S. Ct. 755 (1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate.  It is intended to "**stop *all* collection** efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition and formal service of process will not be required." 2 Collier on Bankruptcy para. 362.05 (15th ed. 1988) Actions taken in violation of the automatic stay are void, even if the creditor had no notice of the stay.  See Borman v. Raymark Indus., Inc., 946 F.2d 1051, 1055 (3d Cir. 1991) ("[T]he automatic stay was intended to apply to actions that do not necessarily involve property of the estate."). In re Advent Corp., 27 Bankr. 612 (Bankr. 1st Cir. 1982) para. 362.05 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.").

      The stay was enacted by Congress and applied consistently in this jurisdiction to protect the debtor by "allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others". Treasurer of Snohomish Co., Wash. v. Seattle First Nat'l Bank (In re Glasply Marine Indus.), 971 F.2d 391, 394-95 (9th Cir. 1992); In re Stringer, 847 F.2d at 551. In this circuit, actions taken in violation of the automatic stay are void rather than voidable.

The automatic stay is SUPPOSED to give the debtor time to attempt repayment or reorganization. Repayment and reorganization cannot occur if they don't have a home. Thus, the injunction on creditor collection efforts imposed by the stay is **so crucial** to the bankruptcy process that "acts in violation of the automatic stay are void ab initio." See e.g., In re Schwartz, 954 F.2d 569, 574 (9th Cir. 1992); Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194 (3d Cir. 1991); In re Calder, 907 F.2d 953, 956 (10th Cir. 1990); In re Smith, 876 F.2d 527, 525-526 (6th Cir. 1989); In re 48th Street Steakhouse, 835 F.2d 427, 431 (2d Cir. 1987), cert. denied, 485 U.S. 1055, 108 S. Ct. 1596, 99 L. Ed. 2d 910 (1988); In re Young, 14 Bankr. 809, 811 (Bankr.N.D.Ill. 1981).

A principal purpose of this provision is to preserve property for use in the reorganization of the debtor and to prevent the dismemberment of the estate. Continental Air Lines, Inc. v. Hillbloom (In re Continental Air Lines, Inc.), 61 Bankr. 758, 779 (SD Tx. 1986) (quoting legislative history); The Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines, 114 Bankr. 27, 29 (SDNY), aff'd 119 Bankr. 430 (SDNY 1990).

Where through an action an individual or entity would exercise control over property of the estate, that party must obtain advance relief from the automatic stay from the bankruptcy court. Carroll v. Tri-growth Centre City Ltd. (In re Carroll), 905 F.2d 1266, 1270-71 (9th Cir. 1990).

The consequences of violating the automatic stay provisions of § 362(a) are set forth in 11 U.S.C. § 362(h), which provides that:

"An individual injured by any willful violation of a stay provided by this section **shall** recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." American Express had actual knowledge of the filing, from the very beginning. Sanctions for this egregious violation "shall" be imposed upon American Express & Anthony Migliaccio pursuant to 362(k).

WHEREFORE, the debtor respectfully demands that the Court find American Express and Anthony Migliaccio, in willful violation of the automatic stay,

enforce the automatic stay, and enter judgment in the amount of $5,000.00 plus costs and attorney fees in the amount of $3,000.00 and for such other relief as the Court deems just and equitable.

.        Respectfully,

DATED: December 10, 2009

    Mahwah, NJ                                                                       _____/s/__ Shmuel Klein

                                                              Shmuel Klein

Law Office of Shmuel Klein, PC

113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | Return Date: January 5, 2010 |
| ------------------------------------------------x | Chapter 13 |
| In Re | |
| Andrew Borden | Case No. 09-29392 |
|       Debtor | |
| ------------------------------------------------x | |

## **PROPOSED ORDER**

UPON the application of the Debtor, Andrew Borden, by Law Office of Shmuel Klein, dated December 10, 2009, for sanctions for violated of § 362 of the Bankruptcy Code by American Express & , Anthony Migliaccio scheduled for 10:00 am, on January 5, 2010, and there being no opposition thereto;

    IT IS ORDERED

That because the Court has found that a willful violation of the automatic stay has occurred;

Sanctions for violation of § 362 automatic stay in the amount of $ _____ be GRANTED; and it is further

    ORDERED

That Attorneys fees in the amount of $_____ be GRANTED.


Dated: Newark, NJ

                                                                                                                               _____
                                                                                                                               Honorable Rosemary Gambardella
                                                                                                                               U.S. Bankruptcy Judge